UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| SYNTHES USA SALES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:10-1102 |
| | ) | Judge Sharp |
| GREGORY W. TAYLOR and | ) | |
| MORGANGRAY MEDICAL, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM**

At its core, this case involves the enforceability of a non-compete and non-disclosure agreement between Plaintiff Synthes USA Sales, Inc. and its former employee, Defendant Gregory W. Taylor. After Plaintiff filed a Second Amended Complaint in response to Defendants' Motion to Dismiss (Docket No. 46), Defendants filed a Motion to Strike that complaint (Docket No. 49). Plaintiff, in turn, responded in opposition to the Motion to Strike, and, as an alternative request, filed a Motion for Leave to File the Second Amended Complaint (Docket No. 65). Having considered the record and the applicable law, the Court will deny the Motion to Strike, grant the Motion to Amend, and deny the Motion to Dismiss as moot. The Court will also return this case to the Magistrate Judge for further consideration of the case management deadlines in light of these rulings.

**I. DISCUSSION**

In moving to strike, Defendants argue that the Second Amended Complaint should be stricken because (1) it was filed 45 days after the May 1, 2011 deadline for filing amended pleadings

1

set forth in the initial Case Management Order; and (2) Plaintiff did not obtain leave of Court or

Defendants' permission to file its Second Amended Complaint as required by Federal Rule of Civil

Procedure 15(a). Defendants also argue that, even if Plaintiff had properly sought leave to amend,

the proposed amendment would be futile.

Rule 15(as amended in 2009) provides that a party may amend its pleading once as a matter

of course within:

> (a) 21 days after serving it, or
>
> (b) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(2). Plaintiff argues that, in accordance with the foregoing, permission of the

Court and/or Defendants was unnecessary because it had the right to amend *once* as a matter of right

and did not use that right when it filed its First Amended Complaint because that was done with

permission of the Court. As for the Case Management Order, Plaintiff argues that the Second

Amendment Complaint was not filed in violation of that Order because it speaks in terms of motions

to amend, not amendments as of right.

In the Court's view, Plaintiff may be reading Rule 15 too broadly and the Case Management

Order too narrowly. Turning to the latter first, while the relevant paragraph of the Case

Management Order is captioned "Motions to Amend," the body of the paragraph provides that

"[a]ny amendment to the pleadings, including without limitation joinder of parties, shall be

completed by May 1, 2011." (Docket No. 28 at 6). As for an amendment as of right, the Advisory

Committee Notes accompanying the 2009 amendments indicate that "[t]he 21-day periods to amend

once as a matter of course after service of a responsive pleading or after service of a designated

2

motion are not cumulative," and "[i]f a responsive pleading is served after one of the designated motions is served, for example, there is no new 21-day period." These comments have been interpreted to mean that the right to amend once as of right applies only to initial, not amended pleadings. See, Kuria v. Palisades Acquisition, XVI, LLC, 752 F.Supp. 2d 1293, 1297 (N.D. Ga. 2010).

Regardless, Rule 15(a)(2) provides that a Court "should freely give leave when justice so requires," and the Court is "afforded great deference" in making the determination of whether to allow amendment. Korn v. Paul Revere Life Ins. Co., 382 Fed. Appx. 448 (6th Cir. 2010). This broad grant is cabined somewhat because "once the scheduling order's deadline passes, a plaintiff first must show good cause under Rule 16(b) for failure to seek leave to amend before a court will consider whether amendment is proper." Leary v. Daeschner, 349 F.3d 888, 909 (6th Cir. 2003). "'The primary measure of Rule 16's good cause standard is the moving party's diligence in attempting to meet the case management order's requirements.'" Inge v. Rock Fin. Corp., 281 F.3d 613, 625 (6th Cir. 2002) (citation omitted). "'Another relevant consideration is possible prejudice to the party opposing the modification.'" Id. (citation omitted).

In this case, the Court finds that good cause exists to allow Plaintiff to amend its Complaint. When Plaintiff filed its original complaint, there was no objection by Defendants, at least not one which prompted a Motion to Dismiss. Rather, Defendants first sought dismissal after Plaintiff's filed its Amended Complaint and, within two weeks of the filing of the Motion to Dismiss, Plaintiff filed its Second Amended Complaint on June 16, 2011. This was not inordinate delay, even though the Second Amended Complaint was well after the deadline for the amendment of the pleadings because the deficiencies pointed out in the Motion to Dismiss were first raised after the deadline.

3

Case 3:10-cv-01102   Document 124   Filed 03/19/12   Page 3 of 6 PageID #: 3078

Compare, Smith v. Caterpillar, Inc., 304 Fed. Appx. 391, 395 (6th Cir. 2008) (motion for leave to amend scheduling order properly denied where it came seven months after the deadline and motions for summary judgment had been filed).

Further, and although a point disputed by Defendants, Plaintiffs asserts that the Second Amended Complaint was submitted in an effort cure the deficiencies in the Amended Complaint.[1] Diligently seeking to rectify pleading deficiencies– "as opposed to an effort to add new claims or parties" – even after a deadline has passed can be the basis for allowing amendment of a scheduling order. Id. at 626.

The Court also finds a lack of prejudice to Defendants. With regard to prejudice, Defendants argue that Plaintiff requests leave to file another "amended complaint, which completely changes its theory on the issue of whether it provided [Defendant] Taylor with adequate consideration for the non-compete, long after the deadline for doing so has passed, and shortly before the August 1, 2011, close of discovery." (Docket No. 75-1 at 14). Presumably, the changed theory is Plaintiff's reliance on the Uniform Written Obligations Act ("UWOA") under Pennsylvania law which states that "[a] written release or promise, hereafter made and signed by the person releasing or promising, shall not be invalid or unenforceable for lack of consideration, if the writing also contains an additional express statement, in any form of language, that the signer intends to be legally bound." 33 P.S. § 6.

Even if, as Defendants argue, the plain language of the UWOA applies only to the defense

---

[1]Given the present state of the record, the Court is not in a position to decide whether, as Plaintiff claims, the new allegations conform to the evidence of record. While Defendants identifies certain e-mails and an offer letter which they claim disproves any allegation that Plaintiff informed Defendant Taylor that it would require him to sign a non-compete before he became an employee, the Court does not know whether this is, in fact, all of the evidence on this issue.

4

of "lack of consideration," and not "failure of consideration" or "inadequacy of consideration," whether consideration existed to support the non-compete agreement between Plaintiff and Defendant Taylor, and whether Defendant Taylor intended to be legally bound, have been at issue from the very start of this litigation. In fact, the "Non-Solicitation and Non-Competition Agreement" in which Defendant Taylor acknowledged both consideration and the binding nature of the agreement was attached to both the original Complaint and the Amended Complaint. That document also provided that the agreement was to "be governed by Pennsylvania law applicable to contracts entered into and performed in Pennsylvania." (Docket No. 32-1 at 4).

Defendants' argument based on the upcoming deadline for the completion of discovery has been largely mooted with the passage of time. Since the filing of the Motion to Strike, the discovery and dispositive motions deadline have been extended at least two times. Moreover, in an Order dated February 9, 2012, the Court ruled that "the dispositive motion deadline and other pretrial deadlines will be address, if needed, when the Court issues a ruling on the pending dispositive motions." (Docket No. 118). In accordance with that Order, the Court will return this case to the Magistrate Judge for reconsideration of the deadlines which have previously been established in this case.

Even though the Court finds good cause and a lack of prejudice, the request for amendment can still be denied if it is futile. See, Johnson v. Cleveland City Sch. Dist., 344 Fed. Appx. 104, 114 (6th Cir. 2009). Here, Defendants argue amendment would be futile, but, in doing so, focus exclusively on the UWOA and whether it is applicable to this case. However, whether an amended is futile depends upon whether the complaint states *any* claim that entitles the pleader to relief and Plaintiff makes new allegations separate and apart from the UWOA. Optigen, LLC v. Int'l Genetics,

5

Inc., 777 F.Supp.2d 390, 399 (N.D.N.Y. 2011) (citation omitted) ("With regard to the futility prong, 'the proposed amended complaint [need only be] sufficient as to some claims' for the request to not be futile"); Nationwide Mut. Ins. Co. v. BridgeStreet Corporate Hous. LLC, 2010 WL 1031853 at *3 (S.D. Ohio 2010) ("the only question to be answered here is whether it would be an exercise in futility to allow the amendment because it does not state any claims upon which relief could be granted"). Moreover, Plaintiff sets forth nine separate grounds for relief, none of which appears to rest exclusively on the UWOA.

Finally, because the Court allows the filing of the Second Amended Complaint and it contains new allegations, the Court will deny Defendants' Motion to Dismiss as moot. Mata–Cuellar v. Tennessee, 2010 WL 3122635 at *2 (M.D. Tenn. Aug. 6, 2010) ("It is well-settled that, because a properly filed amended complaint supersedes and replaces all previous complaints, the filing of an amended complaint generally moots a pending motion to dismiss").

## II. CONCLUSION

On the basis of the foregoing, the Court will enter an Order denying Defendants' Motion to Strike, granting Plaintiff's Motion to Amend, and deny denying Defendants' Motion to Dismiss as moot. The Court will also return this case to the Magistrate Judge for further consideration of the case management deadlines in light of these rulings.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE

6